We move to the fourth case this morning. Oh, and you were court-appointed, were you? Yes. Thank you very much for taking the case. Guzman-Rivadeneira v. Loretta Lynch. Good morning, Your Honors, and may it please the Court. The issue in this appeal is whether the Board erred in failing to apply its own binding precedent, which recognizes that in egregious circumstances an alien should not be held to erroneous concessions of his counsel. The Board's opinion correctly notes that under matter of Velazquez, an alien is not always bound by his attorney's concessions, but the Board then failed to examine whether any of those Velazquez exceptions applied to Mr. Guzman-Rivadeneira. Right. As I read the Board's opinion, Velazquez is cited but not applied. Yes, ma'am. There was a pivot to Lozado, which is the ineffective assistance of counsel case, and then the Board seems to have treated it as that kind of a case, and the procedural requirements for that claim weren't satisfied, and end of story. So that's my reading of the Board's opinion, that it just kind of overlooked the difference in analysis and the two different strains of argument. Certainly are. That's our belief that the Board certainly did overlook the Velazquez exception and the distinct analysis that applies there, and that it's not just a matter of ineffective assistance, but when it comes down to concessions of counsel, there's a special rule that the Board has, precedential decision, for evaluating whether concessions should be applied or whether the alien should be relieved of that concession because it was untrue or unjust, produces an unfair result, or was just a fact of unreasonable lawyering by counsel. Right, and that kind of claim on a direct appeal from an I.J. to the Board is not subject to the Lozado procedural requirements, which are for collateral attacks on orders of removal that come later. Right, Your Honor, and I think there's a distinct reason for why Lozado has those requirements. I mean, I know this Court has said they're required for ineffective assistance. Other courts haven't, but for Lozado, when you're attacking things collaterally, the facts that may be necessary to determine whether the counsel rendered effective assistance may not be before the court. The facts of Lozado itself is the issue of did the counsel fail to take a certain action, fail to file a pleading that his client wanted, and those facts obviously aren't in front of the Board or the immigration judge. Right, and there are finality interests as well that are implicated in that context that are not here. We're on direct review. Yes, Your Honor. So what standard of review do you think applies to the Board's application of its own precedent under Velazquez? Well, certainly in this case where the Board didn't render a precedential opinion and didn't apply Velazquez, I think that this Court reviews. No, it said Velazquez. It said we're not persuaded that Velazquez applies here. We don't see egregious circumstances. What's our standard of review? It's not a statutory entitlement. It's pure Board precedent, right? But this Court has said in a mispronounced Court's opinion's name, but a 2008 opinion that the Board's failure to apply its own precedents is a question of law for this Court to review. This is in Zersky v. McCoskey. In general, sure, I understand that. But I've got to say, this looks to me like a highly discretionary kind of decision. Compare it, for example, to a district judge's decision about whether to relieve a party of an admission under Rule 36 in the Civil Discovery Rules or deciding to allow somebody to amend an answer or a complaint after the deadline has passed. That's treated as highly discretionary by this Court. Your Honor, well, this Court has never, first of all, to our knowledge, addressed how you apply Velazquez and how the Board has to apply it. So that's what I mean. What standard do you think applies? Well, I think in this case, the fact that the Board, although cited Velazquez, never actually applied it, I don't think there is any discretion or any deference that's owed to the Board's opinion. Just because the Board cites authority but never applies that controlling authority or analyzes whether it applies, it's a matter of ‑‑ So you think this is de novo review? We do, to the issue of whether the Board correctly addressed its own decision. What about the ‑‑ I read the Board's decision as saying, in essence, that the kinds of policy concerns that drove the Board to adopt the Lozado procedure in collateral challenges to reopen also apply in this kind of a situation because, in essence, what you've got is new counsel attacking old counsel. Your Honor, we would submit that I don't think the Board was actually applying Velazquez. I think the Board decided it. They were applying Lozado. They were applying Lozado. Was that legally erroneous? If so, why? The Board's description of Lozado we're not saying is legally erroneous as far as what the Lozado requirements are. But in this circumstance, there's a separate inquiry for whether concessions of counsel, the Board should relieve an immigrant for concessions of counsel. And that's a different ‑‑ the Board has treated those inquiries separate. Here they've brought them together. Why is that unreasonable? Because they're two separate inquiries. I mean, the court ‑‑ No. Why should they be separate? Well, because there are, I think, some distinct analytical reasons that the threshold for why you'd relieve an alien for concessions of counsel is different than the requirements for proving ineffective assistance. Which are? Which are, for example, the concessions issue is a very ‑‑ the posture is different, as Judge Sykes pointed out. This is a question being raised on direct review of should the Board have allowed the ‑‑ should the Board have held the immigrant to his concessions of the counsel when actually the record before the Board shows that that concession was erroneous. In Lozado, when you're dealing with ineffective assistance, this is a collateral attack. The facts may not be before the Board to determine whether, in fact, what the alien is saying is actually true. Well, that sounds to me like the Ninth Circuit position that, in essence, we don't have to follow Lozado procedures if the error is clear enough. Right? Well, we don't think that this is the Ninth Circuit position with respect to the Velasco issue. The Board, I think, has consistently treated those two issues separately. The requirements for proving that you should relieve from your concessions is different. What I'm trying to suggest is that it seems to me, from the Board's perspective, there might very well be good reasons to treat them as so closely related because in both you, in essence, have new counsel attacking a supposed mistake by prior counsel. And it's an easy accusation to make. There are plenty of reasons that the Board went over in the Lozado opinion itself why you want to set some pretty high bars in the interest of finality, whether it's a collateral challenge or direct appeal. If I may, Your Honor, explain one other reason I think it's important to understand why these are two separate inquiries. We're focusing on the unreasonable efforts of attorney or unreasonable representation of attorney, which is a ground under Velasquez. But it's not the only ground, and it's not a required ground to show that your counsel was unreasonable. Velasquez also recognizes that an immigrant should be relieved of his counsel's confession if the concession was actually unjust and untrue. And we submit here, in fact, it was, and if it produces an unjust result. How is that different, in essence, from a Strickland kind of ineffective assistance of counsel claim, professional performance below standards and prejudice? I would submit that the standard for proving whether something is untrue or incorrect is higher than what Strickland strictly requires in proving that your counsel is ineffective. I mean, it does go to the same prejudice inquiry, but the standard to actually prove that the concession that we're trying to say the alien is not bound by is untrue or unjust, I don't read Strickland to actually require, in all cases, that you prove the facts were actually contrary to what the immigrant wanted to argue. There are cases, are there cases, I'll put it this way, cases involving crimes of moral turpitude which involved uncompleted, in other words, blank prescriptions, something like that. I'm trying to think in the abstract, Your Honor, with that question. I mean, there are, there's a CERNA case that we cite in our brief where the board has analyzed a counterfeit item. It wasn't prescription blanks, it was a counterfeit document, immigration document, and in that case the board said that knowing possession of that document was not a crime of moral turpitude. I don't recall off the top of my head right now any cases dealing specifically with prescription blanks. In other words, you could steal, for example, reach in and grab a bunch of material from a doctor's office which included unsigned prescriptions, plus say cash or whatever, which the intent was not to just take whatever you could find. Right, and that goes to the whole approach of why the possession, simple possession of these items, Preston has said, is not a crime of moral turpitude. There has to be some other intent to deceive associated with that. What other purpose? Apparently this isn't the only time that we have a 2012 conviction obtaining controlled substances by fraud, right? There is that in the record, yes. So I may finish my answer. Sure, you finish, and I'll give you some time for it real quick. Thank you, Your Honor. There could be other reasons that don't arise. I mean, I wouldn't submit that having or possessing counterfeit blanks is not a crime. Certainly it is, but there's other reasons that someone may have counterfeit blanks that don't rise to the moral level of wrongness that's required to be a crime of moral turpitude. Someone may actually have had expired prescriptions. Someone may have had medical training. Mr. Guzman, for example, evidence in this record, although slight, would suggest that he has had medical training, and so there might be some other reason that he may possess it that's not right, but it doesn't rise to the level of wrongness to be a crime of moral turpitude. Thank you, Your Honor. Thank you, Counsel. I pronounce your name, ma'am, but I probably did it wrong. May it please the Court. I am Annette Witeka, and I represent the Attorney General. I would actually like to pick up on the 2012 conviction for the controlled substance offense and explain why that conviction, combined with the petitioner's other concessions on inadmissibility, would produce the same result as we have here. So regardless of whether Mr. Guzman should have been relieved of his concession, regardless of whether the conviction is a crime involving moral turpitude, Mr. Guzman's conviction for the controlled substance offense in 2012 is really what is causing more problems for him than he admits. So I think it's helpful to state— But the Board didn't decide the case on that basis. Well, the Board does say, though, that he's conceded these three other grounds of inadmissibility and that he's not eligible for cancellation of removal, which is really the relief that he needs. Are you saying this is harmless? I thought it was pretty clear that the 1993 conviction, treated as a crime involving moral turpitude, is a showstopper. And that is Mr. Guzman's contention. Is there another showstopper? Yes, there is. And so it's helpful to step back and look at how he got into proceedings because I think it might be a little bit confusing. And is any of this in your brief? Yes. We could have done a better job explaining this, but we point out— Okay, so what happened was he was admitted in 1995 as a lawful permanent resident, answering no to a question whether he's ever been arrested. And that was incorrect. He was, in fact, arrested. Set aside the question of whether that was actually a crime involving moral turpitude. Then he's convicted for a controlled substance offense in 2012. Then he leaves the country in 2014, and he comes back to the border with a green card that he never should have gotten. This is what gets him in trouble. This is what lands him in proceedings. Because normally a lawful permanent resident is not regarded as seeking admission when he comes back to the United States, except Section USC 1101A13C provides that if he's committed an offense, identified in Section 1182A2, he is treated as seeking admission. And so that's why he's charged with inadmissibility under four charges. So they're all under 1182. Crime involving moral turpitude, controlled substance, procuring or seeking to procure admission by fraud, and not in possession of a valid entry document. He conceded all four of those charges, but he only contested the crime involving moral turpitude question. And so what he means, he's conceded that he's inadmissible. That means he has not been admitted. So the remedy that Congress has provided for people in his situation is a waiver of inadmissibility under Section 1182I. But to get that waiver, you have to show extreme hardship to a qualifying relative. Counsel? Yes. I don't mean to be impatient here, but I had understood the briefing here to indicate that while the – if the petitioner can overcome the crime involving moral turpitude issue and get out from under his counsel's concession, his prospects may not be bright for staying in the country,  but that if he is held to the concession of the crime involving moral turpitude, there's an absolute bar. Am I incorrect in that understanding? We could have done a better job pointing that out. Would you point to me where you did the not so good a job of explaining this? So what we say in – we point out at pages 15 and 16 that he's conceded these other charges of inadmissibility, and then he has – And all three of those others are waivable with a sufficient showing, aren't they? They're waivable with a waiver under Section 1182I. What he's trying to do is use a waiver under 1227, which is only available to people who have been admitted and who hasn't been admitted. Okay, I'm sorry, go ahead. I do not understand from your brief or from your argument why the crime involving moral turpitude issue does not matter, which is what you seem to be telling us. Yes, because he still can't get the waiver under Section 1227A1H. Where do I see this? The brief – we could have been more clear. Show me your best shot at it so that we don't treat it as waiver. Okay. At page 18, with respect to Guzman's assertion that he was eligible for cancellation of removal for his 2012 controlled substance conviction, the agency properly concluded, consistent with Guzman's concession, that such relief was not available to him. And then we point out at Section 20 – I mean at page 23 that he hasn't shown that – I'm sorry, it's page 25 – that he is otherwise – I'm sorry again. Page 28, he hasn't demonstrated that he was otherwise eligible for the waiver. Counsel, let me just suggest. You guys are the experts in this, and I don't – and I would wish that you would address the case as it was briefed. In particular, would you address how we should deal with the argument petitioners making that the board made a legal error by applying the Lozada procedural requirements to this Velazquez egregious circumstances problem? This was how the case was presented. That was how the case was presented to the board. Now on review, we have these elements that are nicely laid out. I want to be relieved of my concession. My concession was wrong. Here are the egregious circumstances. But in the brief that he filed before the board, what he says is that my attorney's performance was inadequate. And then it makes kind of a vague argument that the IJ's acceptance of the review and reversal by this board. So it's not – and then there's no discussion of Velazquez and there's no – In the petitioner's brief to the board. In the petitioner's brief before the board. No discussion of egregious circumstances. So the board understood this. The board sees this, my attorney's performance was inadequate, and says, oh, we have a remedy for that. That's Lozada, but you haven't complied with Lozada. Do you see any reason why the board could not apply Lozada to a Velazquez kind of problem, a concession problem? Why Lozada should be limited to collateral challenges? I think that there is – you're making an allegation that the attorney has provided inadequate performance, and so if you're going to make that allegation in connection with being relieved of a concession, you should have to show that Lozada would apply. Has the board done so in other cases? You know, I have not seen cases where the board has done so. I think a lot of the cases where an alien is trying to be relieved of a concession are brought in the context of ineffective assistance claims. Hasn't the board actually treated these two questions as distinct and never explicitly imported the Lozada procedural requirements to a Velazquez claim? I'm not aware of cases where the board has specifically incorporated the Lozada questions to a claim of being relieved of the concession. And that's a question for the board in the first instance. We shouldn't get out in front of it. Correct, correct, yeah. So, you know, if you feel that you need more analysis from the board, then the solution is to remain to the board. But the concessions that he made regarding inadmissibility are enough to take him out of eligibility for the waiver under Section 1227A1H anyway, which is what I was trying to explain. To get that waiver anyway, you have to be admitted to the United States. That's under the plain language of the waiver under 1227. And because he made these other concessions that he's inadmissible and hasn't been admitted, he's not eligible for the waiver anyway. Right, but then again, that's the alternative grounds that haven't really been teed up properly. That's right. But I'm glad to have the opportunity to at least draw it to your attention at oral argument and ask that the petition for review be denied. Thank you, counsel. Mr. Mamman, I'll give you a couple of minutes, two minutes to rebut. Thank you, Your Honor, and I'll just make two brief points. To the first point, the grounds that the board and the immigration judge decided in this case were on the basis that because he was convicted or determined that he was convicted of a crime of moral turpitude or took the concession that he was convicted of a crime of moral turpitude, all other grounds failed, that there was no other avenue to relief. He could not seek discretionary relief. He had not been admitted for the required time. So it is truly the threshold issue to this case of if the concession was wrong and the board and the immigration judge should not have accepted it, then this needs to be sent back for them to actually analyze under the appropriate facts the rest of those issues. We're being told that Velazquez was cited, but a proper argument under Velazquez wasn't really developed before the board. Is that the case? So I think it's actually flipped. So Velazquez wasn't cited by the government or my client's counsel. That case wasn't cited. But the argument points were cited in her brief, counsel's brief to the board, where she made these points that it was an erroneous concession, that it was incorrect. If you apply the modified categorical approach, this would show that this was not a crime for moral turpitude and that the attorney acted unreasonably. So all those argument points were in the brief to the board. Without a citation to Velazquez. Without a citation to Velazquez or Lozada. I don't think Lozada appears in the brief, either for the government or for my client as well. Was it presented as an ineffective assistance claim? I think it was presented as an erroneous concession claim. I think you could read it as the concession was improper and the immigration counsel didn't follow the Lozada requirements to present this as an effective assistance claim, and it was teed up as this concession was wrong. And if I may address one other point, Your Honors, about the issue of whether Velazquez and Lozada are collapsed. I would just refer you to the Sixth Circuit and the Ninth Circuit, Sixth Circuit in Hanna v. Holder and Ninth Circuit in Santiago v. Rodriguez, where both of those circuits have analyzed Velazquez's exception, the grievous circumstances exception, as a separate inquiry in and of itself of whether an alien should be relieved of concession. What are those cases? It's Hanna v. Holder. It's a 2014 Sixth Circuit case, also dealing with a concession of a crime of moral turpitude, cited in the party's briefs, and Santiago v. Rodriguez v. Holder. It's a 2011 Ninth Circuit case. And so I just refer you, Your Honors, to those cases as well. Thank you, counsel. Thank you, Your Honors. Thanks to both counsel. The case will be taken under advisement.